# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KEVIN MAURICE LINDER, a/k/a Killer Kev,

Defendant-Appellant.

No. 03-4800

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-02-37)

Submitted: March 31, 2004

Decided: April 26, 2004

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Gretchen C. F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Kevin Maurice Linder pled guilty to participating in a conspiracy to possess with intent to distribute at least five kilograms of cocaine and fifty grams of cocaine base (crack), 21 U.S.C. § 846 (2000), and was sentenced to a term of 215 months imprisonment. He appeals his sentence, contending that the district court plainly erred when it adopted the quantity of crack attributed to him in the presentence report without making an individualized finding that it was within the scope of his agreement. *U.S. Sentencing Guidelines Manual* §§ 1B1.3(a), 2D1.1 (2002). We affirm.

Linder's presentence report stated that he "had knowledge of" and was "responsible for" 1.5 kilograms or more of crack cocaine. Linder made no objection to the information or recommended findings contained in the presentence report. Because there were no disputed issues, the district court adopted the presentence report at the sentencing hearing without making additional findings. Linder now asserts that the district court plainly erred in accepting the quantity of crack attributed to him in the presentence report without first finding that the amount was within the scope of the criminal activity he agreed to jointly undertake. *See United States v. Olano*, 507 U.S. 725, 732-37 (1993) (alleged error that was not raised below may be corrected only if an error occurred that was plain and that affects substantial rights, and if failure to correct the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings); *United States v. McAllister*, 272 F.3d 228, 230 (4th Cir. 2001) (same).

Generally, a particularized finding concerning the defendant's relevant conduct is necessary when he is held responsible for the conduct of co-conspirators and relevant conduct is disputed. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993) (drug conspiracy); *accord United States v. Bolden*, 325 F.3d 471, 499 (4th Cir. 2003)

(amount of loss in Medicaid fraud scheme). However, Linder did not dispute the quantity of crack attributed to him in the presentence report. When the defendant does not contest information or recommended findings in the presentence report, the district court is free to adopt the presentence report and its recommendations without making additional findings. *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). The sentencing court may accept any undisputed portion of the presentence report as a finding of fact and need only resolve controverted matters. Fed. R. Crim. P. 32(i)(3)(A)-(B). Therefore, no error occurred.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*